IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01183-LTB-MEH

TARGOL (TERRY) ABIDI,

    Plaintiff,

v.

FURNITURE ROW, LLC, a Colorado limited liability company,[1]

    Defendant.

## PROTECTIVE ORDER

Upon consideration of Defendant's Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under F.R.C.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information that is, in the view of either party, confidential and implicates common law and statutory privacy interests of Defendant's current or former employees or the Plaintiff and confidential and proprietary

---

[1] Furniture Row LLC, a Colorado limited liability company, is not the proper Defendant in this case. Plaintiff was employed by Big Sur Waterbeds, Inc. d/b/a Oak Express ("Oak Express"). The pleadings should be amended to reflect that fact.

business information.  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and litigation of this case.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    A.    attorneys actively working on this case;

    B.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    C.    the parties, and designated representatives for the entity defendant;

    D.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    E.    the Court and its employees ("Court Personnel");

    F.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    G.    deponents, witnesses, or potential witnesses; and

    H.    other persons by written agreement of the parties.

    5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall

be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFID."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information on the record during a deposition or in writing within ten (10) days after receipt of a deposition transcript or, with respect to materials produced or information designated as CONFIDENTIAL after completion of a deposition transcript as provided in paragraph 7 above, by giving written notice to the party designating the disputed information within ten (10) days of the designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until

the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, counsel for each party shall return to counsel for the party who furnished the same all documents, including copies thereof, designated as CONFIDENTIAL under this Order.  The returned information will be maintained in a sealed envelope by such counsel for a period of two (2) years following the final termination of the litigation and after such two (2) year period, will be destroyed or returned to the designating party.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 24th day of November, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge